UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WAYNE BRANIGAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 14-cv-4047 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), and Respondent's Motion to Dismiss Petitioner's Motion. (Doc. 5). Petitioner has not filed a response. For the reasons stated below, Respondent's Motion is granted, and Petitioner's § 2255 Motion is dismissed.

In 1996, a jury convicted Petitioner of conspiracy to possess cocaine base with intent to distribute. (Judgment, *United States v. Branigan*, No. 95-cr-40037 (C.D. Ill. 1996), Doc. 232). He was initially sentenced to life in prison under the sentencing guidelines, which were mandatory at the time. His sentence was later reduced to thirty years' imprisonment after a successful motion pursuant to 18 U.S.C. §3582 (Doc. 318, 95-cr-40037).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 22, 2014. In it, he did not disclose that he previously filed another unsuccessful motion pursuant to § 2255 in 1999 (*Branigan v. United*

*States*, No. 99-4043 (C.D. Ill. 1999, Doc. 1)), and that he has filed three unsuccessful requests with the Seventh Circuit to file successive § 2255 motions. (*See Branigan v. United States*, No. 00-3075 (7th Cir. Sept. 1, 2000); *Brannigan v. United States*, 249 F.3d 584 (7th Cir. 2001), *cert. denied* 534 U.S. 874 (2001); *Branigan v. United States*, No. 12-2329 (7th Cir. June 15, 2012)).

In the Motion to Dismiss, Respondent first argues that because the present § 2255 Motion is a second or successive attempt at a collateral attack, this Court does not have jurisdiction to hear Petitioner's claim without authorization from the Court of Appeals.

Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by the appropriate court of appeals. This motion is second or successive, as the factual predicate giving rise to the Petition – namely factual findings made by the Court during sentencing – were known to Petitioner when he filed his original § 2255 motion. *See United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013). Petitioner argues that the sentence the court imposed is unconstitutional in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Such a petition falls squarely within the boundaries of § 2255(h)(2), which permits the court of appeals to certify petitions that are based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

This Court does not have subject-matter jurisdiction over second or successive petitions that the Seventh Circuit has not certified. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because Petitioner has made no showing

2

that he has obtained the requisite certification, the Court does not have jurisdiction to hear Petitioner's Motion. If Petitioner wishes to bring this § 2255 Motion, he must first seek authorization from the United States Court of Appeals for the Seventh Circuit.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (Doc. 5) is GRANTED and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DISMISSED for lack of subject-matter jurisdiction.

CASE TERMINATED.

Entered this 5th day of November, 2014.

s/Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge